this is number 23-50137 we'll go ahead and begin you all know the lighting system here the green light continue the yellow light means you should start thinking about wrapping up when the red light comes on would ask you to complete the sentence that you're in and conclude also please assume for all counsel that we have read your briefs and we are familiar with the subject matter and the key cases that you've cited in your briefing so if you could tell your remarks accordingly that would be appreciated all right miss Kimmelman if you'd like to begin you've reserved five minutes for rebuttal but you may begin now yes thank you honor Kristen Kimmelman for Erica Martinez on appeal miss Martinez raised two issues challenging the denial of her suppression motion and also the application of a sentencing guidelines enhancement I would like to focus on the sentencing issue although I can of course address other matters of interest to the court and so she was convicted of alien transporting under a USC 1324 and the pre-sentence report applied guideline 2l 1.1 b6 she objected to that because that enhancement only applies when the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another and the facts established in the PSR which are not disputed do not rise to that level and do not support the enhancement those facts are that six people were traveling in a 2017 Toyota Corolla that was designed for a total of five people two individuals miss Martinez and her mother were in the front seats and four Mexican citizens were in the back seat of that Toyota Corolla when the agent approached the vehicle to inspect the passengers after having pulled it over on the ranch road the agent saw that three individuals were lying on the back seat of the Toyota Corolla and one person was lying on the floorboard and so that's what we know of the configuration and what in the record explains the configuration of the four people in the back seat other photographs you mentioned the agent the testimony that that's what he saw when they so there was no testimony and there were no pictures the PSR recites probably from investigative documents that this is what the agent reported there was a suppression hearing but it wasn't discussed at the suppression hearing what configuration the passengers were in although we do know that at least when the agent saw the vehicle he didn't see the heads of people in the back seat so we do know that but we don't have statements from the passengers themselves as exists in some cases nor from the co-defendants about what the positioning was in that vehicle and so under this courts precedent that's insufficient on the most familiar case or similar case Ramirez was cited in the PSR objection letter that also had four individuals in the backseat area of a similar small sedan a Dodge Avenger in Ramirez three people were sitting on that backseat and one passenger was lying on top of the laps and it was established in Ramirez that all four of those individuals were not wearing seat belts here we just know that the person who is lying on the floor necessarily did not have a seat belt on and so in that case the court actually reversed on plain error review because this courts precedent was so clear correct me if I'm wrong but I believe the district judge likened it to stack like cordwood I think was the phrase would you take issue with that description yes we would and we did also at the sentencing hearing because the PSR doesn't describe them stacked like cordwood it just says they were lying in the backseat to me the most most natural picture that comes to my mind of that is that they were seated hunched over at the waist lying on top of each other I don't know if that's correct or not because we just don't know the court at the sentencing hearing also was trying to imagine how that person on the floorboard was positioned with regard to the other individuals feet on top or underneath were some of the scenarios that the district court considered when the court did not consider which is also possible is that that person was in front of those feet in the back court apply the four people is transported in a dangerous position or otherwise qualifies under the description of the enhancement so be all four of the people on the backseat it does not have to be all four but even the person who is on the floor would not qualify under this courts reading Solis Garcia a seminal case in this area had four individuals in the back area of a minivan so not even a compartment that was designed to hold passengers and those people were lying down in this court said that was insufficient because the risk that this enhancement is supposed to apply to is more than just the ordinary risk of riding around in a motor vehicle without the seat belt and in Ramirez of course there was that one person on top of the laps so even less obstructed from possibly being objected ejected from the vehicle if a crash occurred or something to that effect but the court reversed in plain error on that case because this court has been exceedingly clear that this is not substantial overcrowding that is going to at least be more than three people under Solis Garcia and Ramirez and Rodriguez and and then also that just not wearing seatbelts as the government concedes is insufficient now this court has applied the enhancement when there are aggravating factors but those aggravating factors are exceedingly different than what exists here for example there in Zuniga a Mesquita there were the boxes heavy boxes the district court found stacked completely around the people in the back area such that they could not exit and some of those boxes had bottles that if there was an accident could become projectiles that was dangerous Garza the government argues as close to this case I would disagree those were two men on their stomachs underneath the back seats of a vehicle with the child on a car seat on top and there were statements from one of those passengers in the PSR that it was hot and comfortable and he had limited mobility and so with that configuration and those statements from the passenger and also knowing that those people had been in that position for I think at least 40 minutes then the this court said that affirmed the enhancement based on the district courts findings there Mata is another case where there's one individual in the backseat area covered with blankets and also the aggravating factor a heavy clunky stroller that the district court saw pictures of and made a determination that it was too heavy for that person to easily move and that if there had been an accident and it had started flying around it would have caused more injury to that person then if that person had just been covered by blankets here there is no immobile object obstructing the passengers in the backseat from exiting the two doors on either side of that backseat or that could have possibly caused extra danger to them if if an accident had occurred I think the other interesting point from those cases and the type of aggravating factors is that it was necessarily something that defendant knew about and was aware of in the manner of transportation whereas here what we know miss Martinez knew was that four people were in her backseat there's no indication that she directed them to lie down or that she knew they were lying down when the car was moving if indeed they were and so without more evidence of what that backseat actually look like where the front seats you know pushed to the forward giving that person more room or not and we can assume that the three people on the backseat were seat belted they had those available to them this does not rise to the level that warrants the enhancement and that's why we would ask this court to reverse and remand for resentencing we are asking for resentencing without the enhancement a limited scope on remand and I believe that is warranted because it was objected to clearly in the PSR objection the standard was clear I'm relying on the same cases that were in that PSR objection letter and the court the government had ample opportunity to call witness or gather any other evidence if there was any other evidence from the discovery in that case and it didn't do so and so that is the argument with regard to the sentencing enhancement if the court has no other questions about that issue on the on the primary disagreement between the government and us has to do with this proximity to the border factor of course she was stopped within 50 miles of the border and there are cases saying that if it is more than 50 miles away then it's not a reasonable inference that the person came from the border this courts early cases Melendez Gonzalez from 1984 and Jones from 1998 and many others focus on the vital element being that the car had recently come from the border the agent was asked at the suppression hearing if the court if he had evidence that it had just come from the border and the agent answered no and then the district court in its order said that the agent believed the car had come from the border and that that was a reasonable belief and so it appears that there was a misunderstanding of that and be given the importance of the proximity of the border factor our position it is is that it is more towards the neutral category because of the other towns and things that people go to and travel to that were between where miss Martinez was stopped north of Bracketville and and the US Mexico border and if the court has any question has no further questions about the suppression motion I would like to just touch on the extension of the surrender date if the court allows me to I think there is a the government and I miss have different interpretations of the limited remand order my understanding of the limited remand order that this court issued was that it wanted written reasons from the district court to then whether the extension request denial should be affirmed or reversed and so my understanding was that this court still had jurisdiction over the matter and could issue a decision that case I may have been mistaken but that was based on the order not having saying that the district court's order was affirmed and the clerk's letter to the district clerk saying that the case was placed in written reasons from the clerk and of course there has been no mandate in that case and so this is an unusual situation where the district court was very gracious by allowing miss Martinez to surrender seven months after sentencing because she was set to give birth in July and then when we realized that it could be conceivably possible to get a decision on the case before she had to requested the additional 30 days and the position in the district court and thus on appeal was that this falls under the bond pending execution of a sentence 3143 a not bond pending appeal so obviously we did not tailor a request to those demands I still think there is a colorable argument that those factors have been met because we did cite evidence of her being on pretrial lease without any issues for over two years and probation did not oppose the request for the 30 day extension and the sentencing issue at least I think is a close question of substantial law in fact and meets that criteria and given especially the guideline retroactivity impending of the zero-point offender guideline amendment it's possible that miss Martinez is ultimate guideline range would be 0 to 6 months instead of what she was sentenced under and ultimately got 18 months making it possible that this that she wouldn't be able to be resentenced while the appeal process was pending certainly to include remanding her from BOP back so if there are no further questions I've reserved five minutes for rebuttal yes thank you counsel we will now hear from mr. Fowler on behalf of the government it pleased the court Charles Fowler for the United States based on the facts in the PSR the district court found that miss Martinez was transporting non-citizens who were stacked and were tightly packed into the and that based on those findings further concluded that the way these individuals were being transported increase their risk of injury in an accident and in particular made it difficult to get out of that car or something to happen and the government's view is that those findings were not clearly erroneous and support the enhancement here the real crux of the some of the district courts remarks at sentencing in the government's view the district court was drawing reasonable inferences on some of these key factual points from the facts that were in the PSR and so as defense counsel noted the facts in the PSR themselves are undisputed and those are that when the officer approached the vehicle he observed three individuals in the back lying down shortly thereafter in questioning those individuals he identified a fourth laying on the floorboard yes our is the only source of facts that we would have to look at before we get to the district judges comments that is correct your other evidentiary basis or documents that were submitted or anything of that that that is correct your honor and in fact the district court explicitly stated at sentencing that it was relying entirely for its facts on paragraph 7 of the PSR so that that's quite clear from the record and the objection in light of your comments maybe counsel will cover it on rebuttal but the objection was not to the fact set forth in the PSR it was to whether the enhancement those facts fell within the scope of the potential enhancement I believe that's part of the objection your honor I think that there was also a dispute in the district court at sentencing with regard to the inferences that should be drawn from the facts in the PSR for example on what I believe is is really a key factual point here that the individuals lying on the backseat were stacked on top of each other defense counsel at sentencing pushed back on that characterization and the district court reasoned and I think this was just the district court showing its work so to speak on the factual inference it was drawing said the way I see it given the very tight space this is a compact car you can't have three grown men lying on this back seat without them being stacked on top of each other to some extent in the government's view that is a reasonable inference from the facts in the PSR and under this courts precedence reasonable inferences from the facts are themselves facts fact findings that are reviewed for clear error and treated as though they are any other fact finding so I think that was the district court resolving a factual dispute at sentencing and from there I think the defense objection could also be characterized as objecting to the legal question of applying the facts to the enhancement but I think there's kind of a factual and a legal component that was going on at sentencing and I think that's the overlay of the appeal as well so I think again a couple of key inferences one that the individuals were stacked to that they were not wearing seatbelts that was another I believe reasonable inference that the district court drew from the facts in the PSR that's at ROA 196 the court as the government observed at sentencing the individual on the floor of course it would be impossible for that person to have a seat belt on I think it was equally reasonable to conclude based on the horizontal position of the individuals on the back seat at a bare minimum that they couldn't have been properly restrained but in the district court's view they were not wearing seatbelts again the district court made a finding as to how tight these individuals must be packed in the vehicle given its size and given that there were four of them back there I think further support for that comes from the agents observation which was provided it's in the PSR it's also in testimony at the suppression hearing that whoever was in the backseat of this car there was enough packed in there that the car was riding low I think that's just additional factual support for the conclusion as to just how tightly folks were packed in the back seat of this car I think it's also a factor that could contribute to how safely that car could be operated if the you know if there's enough people back there that the rear suspension is visibly compressed I think that that's something that could escalate the risk of an accident and of course from there the district court made the findings that it would be it would be very difficult for these people to untangle themselves they would begin tumbling around in the event of an accident you can imagine three individuals laid horizontally on the back seat would go tumbling over into the floorboard where there is yet another person laying and so I think under this courts precedence the facts here including the the reasonable inferences from the facts in the PSR readily support the enhancement I will touch on Ramirez which defense counsel discussed at some length and I think there are several key distinctions that separate this case from Ramirez first and foremost that the district court there didn't make any findings that would support the enhancement so you don't have the district court reasoning through what the facts must have meant for how these individuals were positioned and so no findings to support the enhancement a few other matters there was no one on the floor I think that's particularly important here given that we did have someone in the very tight rear floorboard space of a compact sedan and in addition in Ramirez the driver briefly attempted to flee and then got into an accident and all the individuals who had been positioned in the back seat of the car immediately got out and fled so in this case you have the district court doing what it's able to do from the facts that were described in the PSR to determine how easily or not easily it would have been for these individuals to exit the car in the event of an accident whereas in Ramirez whatever other information the court might have had about about that for certain that they did immediately exit in the event of an accident which would tend to negate the inference that they were positioned in a way that would have made that difficult we don't we don't have that factor here the closest case factually to this case is this court's decision in Garza I believe which involved two individuals on the floorboard in the rear of an extended cab truck with a child placed on the seat I think there are some very close parallels in terms of the district court's observations here and there in terms of that these individuals were packed tightly they were laying horizontally the individuals there were on the floorboard just as as one of the people here was on the floorboard Garza is by the way the only case I could find that dealt with someone on the floorboard with additional people on the seat in that case it was just a child which presumably could come tumbling down into the seat causing it to be very difficult to exit in that case and I think three adults lying horizontally on the seat here would create similar risks for the individual on the floor in terms of ability to escape or risk of injury and so the government believes that that's that's the closest case we cited Mata as well in our brief which involved a stroller on top of an individual in the cargo area of a Ford Ford escape I think it was a more spacious area but the district court there engaged in a similar kind of exercise to what it did here reasoning through the facts that were presented in the PSR to determine that that it would be difficult to elevated and this court deferred to the district court's characterizations of the facts in that case I believe it should do silicon here if the court has no further questions on the sentencing issue I'll touch briefly on the couple of other issues in the case the first being suppression issue I don't think the issue of proximity to the border is a particularly close issue these courts more recent precedents have been very clear that anything under 50 miles from the border at the time of the stop weighs heavily in favor of reasonable suspicion we have a little bit more here in that the the car here was was driving northbound which is another circumstance suggesting it was coming from the border the the agent's statement at the suppression hearing that he had no no other indication no evidence that the car had just come from the border I don't think carries as much weight as his defense counsel is imputing to it I think he meant I have you know I have no direct evidence I have no GPS I have you know I have the circumstances but I don't have anything else telling me this car came directly from the border I don't have an admission for example on that point but I think this court has repeatedly concluded under similar circumstances a car 30 40 miles from the border heading northbound is a factor that weighs heavily but even without that factor I think the totality of the circumstances readily supports reasonable suspicion here in particular given that the officer was on his way at the time to help out with a couple of other cars that just really had a striking striking resemblance to this car driving well under the speed limit riding low in the back and those cars had already been stopped and determined to be smuggling non-citizens and so given all that I think the agent had certainly cleared the low bar of reasonable suspicion of some wrongdoing here I don't have much to add to the letter I submitted to the court last week on the issue of the extension it is the government's view that there that the burden was not satisfied either in the district court or in this court for bond pending appeal we do believe that's the applicable statutory subsection given that the defendant was fully sentenced there's no aspect of sentencing that's left pending she had been ordered to surrender by the district court she'd been given a there's nothing left to execute on the sentence in terms of you know in terms of judicial process her sentence had been executed it was just a matter of her showing up at the facility she had been fully sentenced and appealed and so I think 3143 b1 is is the squarely governing statutory provision and I don't believe she's carried a burden under it and so if the court has nothing further the government would ask that the judgment be affirmed okay thank you counsel and we'll hear rebuttal thank you your honor so the standard of review for the sentencing issue is de novo review we're determining whether those facts rise to the level of this application of the sentencing enhancement there is the question the government has brought up about well what are the facts and can we treat the district courts statements as factual findings I would say no because they are not reasonable inferences from the limited facts that were before the court which are no more than what this court has before it I think the Rodriguez case is a good example of that there the Rodriguez did a u-turn on I-35 at 11 p.m. at night and said that was dangerous driving that you know warranted application of the enhancement in addition to the passengers being stacked and the this court said that that was not reasonable inference something they would defer to because there were not any facts establishing what was the traffic like on I-35 was it actually an over was anyone actually placed at risk in those and so that's in the last part of that Rodriguez case the main bulk of what we remember Rodriguez for is that there were three people stacked in the cargo area and that was a finding I think it was based on an agent's description and the this court still reversed in there so being stacked simply is not enough and that also was the circumstance in the first Hernandez case when it was on plane error review and all the district court had was that the passengers were stacked in the cargo area in this court reversed on plane error and then you know then there was the resentencing with some additional evidence like they couldn't open the door and when the agent even using the keys couldn't open the door of that yes that rises to inability to X to exit but not these circumstances here what we have a person on the floor supposed to get out of the car just like a person riding in the middle seat wait for the others to exit there's three people on top of that person the person is so concealed that even after the agent stops the car and interviews the three on top doesn't even realize that there's a fourth person on the floorboard of a Corolla it's not the cargo van cargo van I mean it's a very small car with four grown adults stacked on top of each other I don't understand how how we can we would be able to hold that that fourth person to see nothing of the other three just just focus on the fourth person that person could reasonably exit the vehicle so just like a person who's in the middle of a seven seater SUV it's can you have to wait your turn it's difficult cars have you know seats have to get moved doors have to get open and then you get out but the standard isn't is can the person exit quickly like the person next to the door it's whether there's a substantial difficulty in exiting the vehicle and that is not shown by the person on the floorboard and I would also say that the tight statement by the court district court about the space is also unsupported because we don't know the size of these those front seats were what the dimensions were and we don't know how long that person was on the floorboard either we know it's a Corolla with six people six adults yes in the front in the back I'm sorry the both of the front seats are occupied correct there's four people in the back seat correct as to the speed of the fourth person getting out of the car how can we say that it is unreasonable for the district court to say that because I want to go back to something you said at the very beginning which is well I think a reasonable inference of this is that the three people in the back not on the floorboard wearing seatbelts and laying sideways mm-hmm how geometrically or do you I don't even understand how you would put three adults in seatbelts laying sideways is that the idea right on top of the fourth person where are their feet on the floor on the fourth person not on the floor person or the floor person is in front of them again that goes to the lack of evidence of the space in the backseat of the Toyota Corolla and your view is that we can look at this and say Chief Judge Moses clearly erred in finding facts that she found and then instead the facts are the way that your client would have them correct I don't think those facts were reasonable inferences from the limited information that was in the PSR and even if they were I don't think they rise to the level that this court has held in the past substantiates a risk of substantial risk of death or serious bodily injury okay any other questions okay thank you counsel we have the arguments and the matter will be considered submitted I misspoke earlier I